**Ruben Pablo VELASQUEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–74972.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 19, 2010.*

Filed Nov. 1, 2010.

Dominic Edward Capeci, I, Esquire, Law Offices of Kaiser and Capeci, San Francisco, CA, for Petitioner.

Remi Adalemo, OIL, Briena Strippoli, Esquire, Blair O'Connor, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Ruben Pablo Velasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his untimely motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo questions of law. *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir.2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Velasquez' motion to reopen to apply for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii)(B) because he did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to demonstrate material changed circum-stances in Guatemala to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996–97 (9th Cir.2008) (evidence must demonstrate prima facie eligibility for relief in order to reopen proceedings based on changed circumstances).

We reject Velasquez' contentions that the BIA applied improper standards of law in denying his motion to reopen because they are not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

